UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:24-cv-00602

| LIFE BUTTER, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | DEFENDANT |
| | ) | BPI EQUIPMENT, INC.'S |
| BPI EQUIPMENT, INC., | ) | MOTION TO DISMISS |
| Defendant. | ) | |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Court's Initial Scheduling Order, Defendant BPI Equipment, Inc. ("BPI Equipment") hereby moves the Court for an order dismissing the Complaint filed by Life Butter, Inc. ("Life Butter") in the above-captioned action *with prejudice* on the grounds that the Complaint fails to state a claim upon which relief can be granted. In support of this Motion to Dismiss, BPI Equipment shows the Court as follows:

1. This is a warranty case arising out of the sale of an ST100 Die Cut Bagger Machine (the "Machine") from BPI Equipment to Abby's Better, Inc. ("Abby's Better") pursuant to a December 19, 2022 sales agreement (the "Agreement"). Life Butter, which claims to have taken ownership of the Machine by assignment from Abby's Better, alleges that the Machine is "wholly unusable, unsustainable, and simply does not work." (Compl. ¶ 58.)

2. Life Butter asserts four claims against BPI Equipment in its Complaint: (i) Breach of Contract; (ii) Breach of Warranty; (iii) Breach of Implied Warranty of Merchantability; and (iv) Breach of Implied Warranty of Fitness for a Particular Purpose. Each of these claims should be

1

dismissed *with prejudice* because, based on the allegations of Life Butter's Complaint, they fail as a matter of law for the following reasons:

    a.    Life Butter's Breach of Contract claim is duplicative of its Breach of Warranty claim and cannot be maintained as an independent cause of action.

    b.    Life Butter's Breach of Warranty Claim fails as a matter of law because the warranty expressly excludes from coverage "the operation and efficiency of the [Machine]," which is the entire basis of Life Butter's claim.

    c.    Life Butter's claims for Breach of Implied Warranty of Merchantability and Breach of Implied Warranty of Fitness for a Particular Purpose fail as a matter of law because the warranty includes a valid and conspicuous waiver of all implied warranties.

    d.    All of Life Butter's claims fail for the additional reason that Life Butter's allegations establish that BPI Equipment was not provided with a reasonable opportunity to repair any alleged defects as a matter of law.

    e.    Finally, to the extent that the Court finds that Life Butter has stated any claims upon which relief can be granted, such claims should be dismissed to the extent that Life Butter is seeking to recover the full cost of the Machine because the warranty includes a valid limitation of liability clause that limits BPI Equipment's liability to the cost of repair or replacement of any defective parts.

5.    In accordance with Paragraph 3.b. of the Initial Scheduling Order, this Motion to Dismiss is accompanied by a supporting brief, which is being filed contemporaneously with this Motion to Dismiss, complies with the requirements set forth therein, and is incorporated herein by reference.

6. Further, pursuant to Section 3.c.ii. of the Initial Scheduling Order, BPI Equipment respectfully requests a preliminary hearing on this Motion to Dismiss on the grounds that the claims, based on Life Butter's own allegations and the plain and unambiguous language of the Agreement, fail as a matter of law or, at a minimum, seek damages far in excess of what is permitted under the Uniform Commercial Code. As a result, the costs associated with discovery are likely to be disproportionate to the amount actually in dispute. As such, BPI Equipment submits that, for good cause, discovery should not continue in this action until the Court's decision on this Motion to Dismiss.

WHEREFORE, Defendant BPI Equipment, Inc. respectfully requests that the Court hold a preliminary hearing on the Motion to Dismiss and dismiss the Complaint for failure to state a claim upon which relief can be granted, and for such other and further relief as is just and proper.

This the 26th day of July, 2024.

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ C. Bailey King, Jr.*
C. Bailey King, Jr. (NC State Bar No. 34043)
Anna E. Hamel (NC State Bar No. 60906)
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone: (704) 338-6027
Facsimile: (704) 332-8858
bking@bradley.com
ahamel@bradley.com

*Attorneys for Defendant BPI Equipment, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of July, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notice to all counsel of record.

This the 26th day of July, 2024.

                                                   */s/ C. Bailey King, Jr.*
                                                   C. Bailey King, Jr.
                                                   *Attorney for BPI Equipment, Inc.*