UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:24-cv-00602

| | |
|---|---|
| LIFE BUTTER, LLC, | ) |
|     *Plaintiff*, | ) |
| v. | )     **DEFENDANT** |
| | )     **BPI EQUIPMENT, INC.'S** |
| BPI EQUIPMENT, INC., | )     **ANSWER TO COMPLAINT** |
|     *Defendant*. | ) |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant BPI Equipment, Inc. ("BPI Equipment") responds to the numbered allegations of the Complaint and asserts its defenses to the claims asserted against it as follows:

## PARTIES AND JURISDICTION

1. BPI Equipment admits, upon information and belief, that Plaintiff Life Butter, LLC ("Life Butter") is a North Carolina limited liability company with its principal place of business located at 445 South Main St., Suite 300, Davidson, North Carolina. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 1 of the Complaint.

2. BPI Equipment admits that it is an Indiana corporation with its principal place of business located at 12655 Sandy Dr., Granger, Indiana 46530. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 2 of the Complaint.

3. BPI Equipment admits the above-captioned lawsuit arises out of and relates to an agreement (the "Agreement") for the purchase and sale of an ST100 Die Cut Bagger (the "Machine"). Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 3 of the Complaint.

4. BPI Equipment admits that the Agreement was originally entered into by BPI Equipment and Abby's Better, Inc. ("Abby's Better"). BPI further admits, upon information and belief, that Abby's Better is a Delaware corporation. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 4 of the Complaint.

5. The allegations in Paragraph No. 5 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is deemed necessary, BPI Equipment lacks information sufficient to form a belief as to the truth of the allegations in Paragraph No. 5, which allegations are therefore denied.

6. The Agreement is a written document the terms of which speak for themselves. BPI Equipment denies all allegations contained in Paragraph No. 6 of the Complaint to the extent that such allegations are inconsistent with the terms of the Agreement.

7. The allegations in Paragraph No. 7 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is deemed necessary, BPI Equipment admits that Life Butter has brought the above-captioned action in the North Carolina General Court of Justice, Superior Court Division, of Mecklenburg County. Except as expressly admitted herein, BPI Equipment denies the remaining allegations contained in Paragraph No. 7.

8. The allegations in Paragraph No. 8 contain legal conclusions to which no response is required. To the extent that a response is required, BPI Equipment does not contest that this Court maintains subject matter jurisdiction over this action.

9. The allegations in Paragraph No. 9 contain legal conclusions to which no response is required. To the extent that a response is required, BPI Equipment does not contest that this Court has personal jurisdiction over the parties.

10. The allegations in Paragraph No. 10 contain legal conclusions to which no response is required. To the extent that a response is required, BPI Equipment does not contest that this Court is a proper venue for the above-captioned action.

## STATEMENT OF THE FACTS

11. BPI Equipment incorporates by reference its responses to Paragraph Nos. 1-10 of the Complaint above as if fully set forth herein.

12. BPI Equipment admits that, upon information and belief, Abby's was engaged in the business of manufacturing all-natural snacks for consumer consumption. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 12 of the Complaint.

13. BPI Equipment admits that it is engaged in the business of designing, providing, maintaining, and servicing industrial packaging equipment to commercial consumers. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 13 of the Complaint.

14. BPI Equipment lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 14 of the Complaint, which allegations are therefore denied.

15. BPI Equipment lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 15 of the Complaint, which allegations are therefore denied.

16.     BPI Equipment admits that in 2022 Abby's Better solicited BPI Equipment to build, design, manufacture, and supply a machine to package die-cut shaped sachets filled with nut butter, as described in the Agreement attached to Life Butter's Complaint as Exhibit A, which document speaks for itself.  Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 16 of the Complaint and any allegations that are inconsistent with the terms of the Agreement.

17.     BPI Equipment admits that it agreed to furnish Abby's Better with the machine described in the Agreement attached to Life Butter's Complaint as Exhibit A, which document speaks for itself.  Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 17 of the Complaint and any allegations that are inconsistent with the terms of the Agreement.

18.     BPI Equipment admits that on or about December 19, 2022, it entered into the Agreement with Abby's Better, a copy of which is attached to Life Butter's Complaint as Exhibit A, which document speaks for itself.  Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 18 of the Complaint and any allegations that are inconsistent with the terms of the Agreement.

19.     BPI Equipment admits that the purchase price of the Machine, without including the costs of installation and training by BPI Equipment, was in excess of $25,000. Except as expressly admitted herein, BPI Equipment denies the remaining allegations contained in Paragraph No. 19 of the Complaint and any allegations that are inconsistent with the terms of the Agreement.

20.     BPI Equipment admits that the Agreement contains a "Scope of project" provision, the terms of which speak for itself.  Except as expressly admitted herein, BPI

Equipment denies any remaining allegations contained in Paragraph No. 20 of the Complaint and any allegations that are inconsistent with the terms of the Agreement.

21. BPI Equipment admits that the Agreement contains a section entitled "Technical Advantages," which section speaks for itself. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 21 of the Complaint and any allegations that are inconsistent with the terms of the Agreement.

22. BPI Equipment admits that the Agreement contains a section entitled "Technical Specifications," which section speaks for itself. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 22 of the Complaint and any allegations that are inconsistent with the terms of the Agreement.

23. BPI Equipment admits that the Agreement incorporates certain Terms and Conditions, which speak for themselves and were made part of the Agreement and agreed to by Abby's Better and BPI Equipment. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 23 of the Complaint and any allegations that are inconsistent with the terms of the Agreement.

24. BPI Equipment admits that Section 8 of the Terms of Conditions contained in the Agreement contains a warranty for manufactured parts of the Machine, which section speaks for itself. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 24 of the Complaint and any allegations that are inconsistent with the terms of the Agreement.

25. BPI Equipment admits that Section 10(e) of the Terms and Conditions contained in the Agreement, which section speaks for itself, acknowledges that Abby's Better "is purchasing specialized goods that have been manufactured in part specifically for" Abby's

Better. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 25 of the Complaint and any allegations that are inconsistent with the terms of the Agreement.

26. BPI Equipment admits that the Machine is comprised of stainless steel and its base sits at approximately five (5) feet tall. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 26 of the Complaint.

27. BPI Equipment admits that the Machine contains a filler that is operated by a computerized motor and that an operator can place nut butter product into the filler. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 27 of the Complaint

28. BPI Equipment admits that the product deposited into the filler is pumped through a nozel and disbursed into squeeze pack bags that are run through the Machine. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 28 of the Complaint.

29. BPI Equipment admits that the Machine utilizes roll stock film for the purpose of pulling packaging into a forming assembly that forms each bag into a tuxedo fashion. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 29 of the Complaint.

30. BPI Equipment admits that the Machine utilizes eye marks on each bag so that once the bag is formed and product is disbursed into the bag, the Machine is supposed to seal the bag shut. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 30 of the Complaint.

31. BPI Equipment denies the allegations contained in Paragraph No. 31 of the Complaint.

32. BPI Equipment denies the allegations contained in Paragraph No. 32 of the Complaint.

33. BPI Equipment denies the allegations contained in Paragraph No. 33 of the Complaint.

34. BPI Equipment admits that its engineers began engineering, building, and assembling the Machine in January of 2023. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 34 of the Complaint.

35. BPI Equipment admits that Abby's Better provided BPI Equipment with product samples. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 35 of the Complaint.

36. BPI Equipment admits that the product samples provided by Abby's Better included squeeze pack bags. Except as expressly admitted herein, BPI Equipment denies the remaining allegations contained in Paragraph No. 36 of the Complaint.

37. BPI Equipment admits that the Machine can make squeeze pack bags like the samples provided to BPI Equipment by Abby's Better. BPI Equipment denies any remaining allegations set forth in Paragraph No. 37.

38. BPI Equipment admits that on or about February 10, 2024, a representative from Abby's Better traveled to Defendant's headquarters to view the Machine in use and participate in product testing of the Machine. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 38 of the Complaint.

39. BPI Equipment admits that while conducting initial product testing, BPI Equipment calibrated the Machine to fit the product samples that Abby's furnished to BPI Equipment. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 39 of the Complaint.

40. BPI Equipment admits that during the initial product testing the Machine ran as intended. Except as expressly admitted herein, BPI denies the remaining allegations contained in Paragraph No. 40 of the Complaint.

41. BPI Equipment admits that on or about February 27, 2023, a representative of Abby's Better traveled to BPI Equipment's headquarters to engage in product testing of the Machine. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 41 of the Complaint.

42. BPI Equipment admits that during the product testing on or about February 27, 2023, the Machine experienced electrical issues. Except as expressly admitted herein, BPI Equipment denies the remaining allegations contained in Paragraph No. 42 of the Complaint.

43. BPI Equipment admits that the product testing on February 27, 2023 was tabled for a later date as a result of the electrical issues. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 43 of the Complaint.

44. BPI Equipment admits that it subsequently met with Abby's Better on Zoom to finish product testing. Except as expressly admitted herein, BPI Equipment denies the remaining allegations contained in Paragraph No. 44 of the Complaint.

45. BPI Equipment admits that the Machine worked properly and utilized the squeeze packs that Abby's Better provided during the final product testing. Except as expressly admitted

herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 45 of the Complaint.

46. BPI Equipment admits, upon information and belief, that the Machine was delivered to Abby's manufacturing warehouse located in North Carolina and placed into Abby's possession on or about May 1, 2023. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 46 of the Complaint.

47. BPI Equipment admits that on or about May 10, 2023, a representative of BPI Equipment traveled to North Carolina in order to set up, install, and train Abby's Better's staff on the Machine's use. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 47 of the Complaint.

48. BPI Equipment admits that its representative remained at the headquarters of Abby's Better from at or around May 10 through May 12, 2023. Except as expressly admitted herein, BPI Equipment denies the remaining allegations contained in Paragraph No. 48 of the Complaint.

49. BPI Equipment denies the allegations contained in Paragraph No. 49 of the Complaint.

50. BPI Equipment denies the allegations contained in Paragraph No. 50 of the Complaint.

51. BPI Equipment admits that it represented to Abby's Better that it would re-schedule another time to work on the Machine. Except as expressly admitted herein, BPI Equipment denies the remaining allegations contained in Paragraph No. 51 of the Complaint.

52. BPI Equipment admits that on or about June 20, 2023 (not 2024), a representative of BPI Equipment traveled to the headquarters of Abby's Better in North Carolina in order to set

up, install, and train Abby's Better's staff on the Machine's use. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 52 of the Complaint.

53. BPI Equipment admits that its representative remained at the headquarters of Abby's Better from at or around June 20 through June 22, 2023 (not 2024). Except as expressly admitted herein, BPI Equipment denies the remaining allegations contained in Paragraph No. 53 of the Complaint.

54. BPI Equipment denies the allegations contained in Paragraph No. 54 of the Complaint.

55. BPI Equipment denies the allegations contained in Paragraph No. 55 of the Complaint.

56. BPI Equipment lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 56 of the Complaint, which allegations are therefore denied.

57. BPI Equipment denies the allegations contained in Paragraph No. 57 of the Complaint.

58. BPI Equipment denies the allegations contained in Paragraph No. 58 of the Complaint.

59. BPI Equipment denies the allegations contained in Paragraph No. 59 of the Complaint.

**FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT**

60. BPI Equipment incorporates by reference its responses to Paragraph Nos. 1-59 of the Complaint above as if fully set forth herein.

61. BPI Equipment admits that it entered into the Agreement with Abby's Better and that the Agreement is valid and enforceable by and as between the parties. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 61 of the Complaint.

62. BPI Equipment denies the allegations contained in Paragraph No. 62 of the Complaint.

63. BPI Equipment denies the allegations contained in Paragraph No. 63 of the Complaint.

64. BPI Equipment denies the allegations contained in Paragraph No. 64 of the Complaint.

65. BPI Equipment denies the allegations contained in Paragraph No. 65 of the Complaint.

## SECOND CLAIM FOR RELIEF: BREACH OF WARRANTY

66. BPI Equipment incorporates by reference its responses to Paragraph Nos. 1-65 of the Complaint above as if fully set forth herein.

67. BPI Equipment admits that it entered into the Agreement with Abby's Better that contains an express warranty, the terms of which speak for themselves. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 67 of the Complaint.

68. BPI Equipment admits that it entered into the Agreement with Abby's Better that contains an express warranty, the terms of which speak for themselves. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 68 of the Complaint and any allegations that are inconsistent with the terms of the Agreement.

69. BPI Equipment denies the allegations contained in Paragraph No. 69 of the Complaint.

70. BPI Equipment denies the allegations contained in Paragraph No. 70 of the Complaint.

71. BPI Equipment denies the allegations contained in Paragraph No. 71 of the Complaint.

72. BPI Equipment denies the allegations contained in Paragraph No. 72 of the Complaint.

73. BPI Equipment denies the allegations contained in Paragraph No. 73 of the Complaint.

**THIRD CLAIM FOR RELIEF:**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

74. BPI Equipment incorporates by reference its responses to Paragraph Nos. 1-73 of the Complaint above as if fully set forth herein.

75. BPI Equipment admits that it entered into the Agreement with Abby's Better that contains an express warranty, the terms of which speak for themselves and which expressly disclaim any implied warranty of merchantability. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 75 of the Complaint.

76. BPI Equipment denies the allegations contained in Paragraph No. 76 of the Complaint.

77. BPI Equipment admits that at all times material to this matter, it was a merchant that frequently dealt with the building, designing, and assembling of packaging machine equipment. Except as expressly admitted herein, BPI Equipment denies the remaining allegations contained in Paragraph No. 77 of the Complaint.

12

78. BPI Equipment admits that it holds itself out as having knowledge or skill peculiar to the practice of the building, designing, supplying, and installing of commercial packaging machinery.

79. BPI Equipment denies the allegations contained in Paragraph No. 79 of the Complaint.

80. BPI Equipment admits that in the regular course of its business it supplies, assembles, designs, manufactures, engineers, and delivers machines, including the type of machine at issue in this case, that perform in accordance with agreed-upon specifications. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 80 of the Complaint.

81. BPI Equipment denies the allegations contained in Paragraph No. 81 of the Complaint.

82. BPI Equipment denies the allegations contained in Paragraph No. 82 of the Complaint.

83. BPI Equipment denies the allegations contained in Paragraph No. 83 of the Complaint.

84. BPI Equipment denies the allegations contained in Paragraph No. 84 of the Complaint.

**FOURTH CLAIM FOR RELIEF:**
**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

85. BPI Equipment incorporates by reference its responses to Paragraph Nos. 1-84 of the Complaint above as if fully set forth herein.

86. BPI Equipment admits that it entered into the Agreement with Abby's Better that contains an express warranty, the terms of which speak for themselves and which expressly

13

disclaim any implied warranty of fitness for a particular purpose. Except as expressly admitted herein, BPI Equipment denies any remaining allegations contained in Paragraph No. 86 of the Complaint.

87. BPI Equipment denies the allegations contained in Paragraph No. 87 of the Complaint.

88. BPI Equipment denies the allegations contained in Paragraph No. 88 of the Complaint.

89. BPI Equipment lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 89 of the Complaint, which allegations are therefore denied.

90. BPI Equipment denies the allegations contained in Paragraph No. 90 of the Complaint.

91. BPI Equipment admits that it entered into the Agreement with Abby's Better, the terms of which speak for themselves. BPI Equipment denies all allegations contained in Paragraph No. 91 of the Complaint to the extent that such allegations are inconsistent with the terms of the Agreement.

92. BPI Equipment denies the allegations contained in Paragraph No. 92 of the Complaint.

93. BPI Equipment denies the allegations contained in Paragraph No. 93 of the Complaint.

94. BPI Equipment admits that it understood the Machine was being used to produce squeeze packs that were going to be filled with nut butter product. Except as expressly admitted

herein, BPI Equipment denies the remaining allegations contained in Paragraph No. 94 of the Complaint.

95. BPI Equipment denies the allegations contained in Paragraph No. 95 of the Complaint.

96. BPI Equipment denies the allegations contained in Paragraph No. 96 of the Complaint.

**FIRST FURTHER DEFENSE**
**(Lack of Privity/Invalid Assignment)**

BPI Equipment pleads that Life Butter' claims for breach of contract, breach of warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose should be dismissed because any purported assignment of the Agreement to Life Butter by Abby's Better was invalid and Life Butter, as a result, is not in privity of contract with BPI Equipment.

**SECOND FURTHER DEFENSE**
**(No Independent Cause of Action)**

BPI Equipment pleads that Life Butter' claim for breach of contract should be dismissed because it is duplicative of Life Butter' claim for breach of warranty and is not an independent cause of action. *See, e.g., Litsinger v. Forest River, Inc.*, 536 F. Supp. 3d 334, 359 (N.D. Ind. 2021).

**THIRD FURTHER DEFENSE**
**(Insufficient Opportunity to Repair)**

BPI Equipment pleads that Life Butter' claims should be dismissed because Life Butter has not alleged that BPI Equipment received at least three opportunities to cure each defective part, as required under Indiana law. *See Zylstra v. DRV, LLC*, 8 F.4th 597, 609 (7th Cir. 2021);

*Raymond v. Thor Motor Coach Inc.*, 2023 WL 4930105, at *4 (N.D. Ind. 2023); *Litsinger*, 536 F. Supp. 3d at 367 (N.D. Ind. 2021).

### FOURTH FURTHER DEFENSE
### (No Breach of Warranty)

BPI Equipment pleads that Life Butter' claim for breach of warranty against BPI Equipment should be dismissed because BPI Equipment complied with its obligations under the express warranty.

### FIFTH FURTHER DEFENSE
### (Waiver of Implied Warranties)

BPI Equipment pleads that Life Butter's claims for breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose should be dismissed because the Agreement waived all implied warranties under Ind. Code Ann. § 26–1–2–316.

### SIXTH FURTHER DEFENSE
### (Limitation of Remedies)

BPI Equipment pleads the existence of a contractual limitation of remedies under Ind. Code Ann. § 26-1-2-719 as a partial bar to Life Butter's claims.

### SEVENTH FURTHER DEFENSE
### (Lack of Causation/Acts of Third Parties)

BPI Equipment pleads that any alleged defects, to the extent they exist, have been caused by the acts or conduct of third parties, including potentially the operators of the Machine and the manufacturers of the film used during the operation of the Machine.

## EIGHTH FURTHER DEFENSE
**(Failure to Mitigate)**

BPI Equipment pleads Life Butter' failure to mitigate damages as a complete or partial bar to the claims asserted against it to the extent that Life Butter has failed to make reasonable efforts to repair the Machine.

## NINTH FURTHER DEFENSE
**(Reservation of Defenses)**

BPI Equipment reserves the right to add additional defenses to the extent that discovery or other factual developments provide a basis for any such defenses.

WHEREFORE, having answered the Complaint as fully as it is advised is its duty, BPI Equipment prays to the Court for the following relief:

(a) That the claims asserted against BPI Equipment by Life Butter should be dismissed *with prejudice*;

(b) That Life Butter have and recover nothing from BPI Equipment;

(c) That the costs of this action, including attorneys' fees, be taxed against Life Butter to the extent permitted by law;

(d) That a trial by jury be had on all issues so triable; and

(e) That the Court award such other and further relief as it deems just and proper.

This the 26th day of July 2024.

/s/ C. Bailey King, Jr.
C. Bailey King, Jr. (N.C. State Bar No. 34043)
Anna E. Hamel (N.C. State Bar No. 60906)
BRADLEY ARANT BOULT CUMMINGS LLP
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone: (704) 338-6000
Facsimile: (704) 332-8858
bking@bradley.com
ahamel@bradley.com

*Attorneys for BPI Equipment, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notice to all counsel of record.

This the 26th day of July, 2024.

                                                  */s/ C. Bailey King, Jr.*
                                                  C. Bailey King, Jr.
                                                  *Attorney for BPI Equipment, Inc.*