# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:24-cv-00602

### Life Butter LLC, v. BPI Equipment, Inc.

## CERTIFICATION AND REPORT OF F.R.C.P 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

1. <u>Certification of Conference.</u>  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on **8/9/2024** between:

   C. Bailey King, Jr. (counsel for BPI) and Liz Vennum (counsel for Life Butter)

2. <u>Pre-Discovery Disclosures.</u>
   - [ ] The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by .
   - [✓] The parties stipulate out of or object to mandatory initial disclosures.

   The Parties stipulate out of mandatory initial disclosures

3. <u>Brief Statement of the Nature and Complexity of the Case</u>.

   Plaintiff's predecessor in interest (Abby's Better, Inc.) and Defendant entered into an agreement in December of 2022 whereby Defendant would manufacture and Abby's would purchase a machine to package die-cut shaped sachets filled with nut butter (the "Machine").  Abby's paid Defendant for the Machine, and in May of 2023, Defendant delivered the Machine to Abby's.  Plaintiff claims that the Machine has never operated correctly and that Plaintiff did not receive the agreed-upon training from Defendant.  Defendant.  Defendant denies Plaintiff's allegations.

   The Parties are actively engaged in settlement negotiations, however if they cannot reach a settlement prior to discovery, discovery will likely involve technical/ industry expert witnesses who may need to visit Plaintiff's site and inspect and observe the Machine.

4. Case Management Track.

    ☑ The parties jointly request that this matter be assigned to the Standard Track. If this case management track is assigned, the discovery completion deadline would be **2/7/2025** and the dispositive motions deadline would be **3/7/2025** .

    ☐ The parties disagree as to the appropriate case management track.

    ☐ (Check if applicable and explain below.) Identify any anticipated conflicts (including personal or professional obligations, family or medical leave, or vacation that has been secured in advance) upon which any party or counsel would seek to have the discovery period extended by a reasonable period of not more than eight (8) weeks and/or the trial setting continued not more than one (1) complete motions/trial calendar cycle beyond that which otherwise would be justified based solely on the nature and complexity of the case:

2

5. <u>Discovery Plan.</u> The parties jointly propose to the Court the following discovery deadlines and limitations.

   (a) *Deadline for motions* to join additional parties or otherwise amend the pleadings: **10/04/2024**

   (b) *Discovery Limits*:
   1) Maximum of 25 interrogatories per party.
   2) Maximum of 25 requests for production per party.
   3) Maximum of 25 requests for admission per party.
   4) Maximum of 30 hours of oral deposition per party.

   (c) *Expert reports* from retained experts under Rule 26(a)(2) will be due:
   - from plaintiff(s) by **12/13/0202**;
   - from defendant(s) by **1/10/2025**;
   Supplementations under Rule 26(e) due **02/07/2025**.

   (d) *Special Issues Regarding the Scope and Schedule of Discovery*. (Note that in cases complex enough to warrant the bifurcation of discovery or other proceedings, the parties may propose separate phases of discovery, provided that the aggregate amount of time allocated to all phases of discovery does not exceed the total number of weeks permitted for discovery given the appropriate case management track.)

   The Parties agree that if either side needs to exceed the maximum numbers indicated above for any category or categories of written discovery, Counsel for the Parties will meet and confer in good faith to reach an agreement wherein the requesting Party receives information necessary to its case without creating an undue burden on the producing/responding Party.

   (e) *Objections*:

6. Other Items.

   (a) Initial Pretrial Conference. The parties request conference with the Court prior to the entry of a Case Management Order.

   (b) Alternative Dispute Resolution.
   Based upon preliminary discussions, settlement in this case **cannot yet be adequately evaluated**. The prospect of settlement may be enhanced by use of the following ADR procedure:
   - [✓] Mediated Settlement Conference
   - [ ] Judicial Settlement Conference
   - [ ] Binding Arbitration
   - [ ] Other:

   The parties agree that the above-selected ADR procedure would be most useful if conducted:
   - [✓] Prior to further discovery.
   - [ ] After an initial round of preliminary discovery to be completed by ____.
   - [ ] After the completion of discovery.

   (c) Trial Estimates. If this case is ultimately tried, trial is expected to take approximately 4 days. This case will be tried with a jury.

   (e) Local Civil Rule 73.1(C) Certification.
   - [✓] The parties have discussed the issue of consent to the jurisdiction of a U.S. magistrate judge. <u>If unanimous consent is present, file an executed Joint Stipulation of Consent form (WDNC Form 34) contemporaneously with the CIAC or else the option to consent may be deemed waived as untimely.</u>

7. Please identify any other matters regarding discovery or case management which may require the Court's attention (e.g., concerns re: confidentiality, privilege, and electronically stored information):

The Parties are engaged in substantive negotiations seeking to resolve this dispute as soon as possible and avoid further costly litigation. The proposed settlement agreement the Parties are contemplating would require Defendant to provide additional services to Plaintiff related to the Machine. If the Parties can finalize settlement terms along these lines, they would jointly move the Court to stay the pending litigation for sixty (60) days to allow Defendant to provide the services and fulfill the settlement agreement.

The Parties seek an Initial Pretrial Conference with the Court to discuss whether the Court would be amenable to granting a stay under these circumstances.

| | |
|---|---|
| s\ElizabethVennum | s\ Bailey King |
| Elizabeth Vennum<br>N.C. State Bar No. 49747<br>Hull & Chandler<br>1009 East Boulevard<br>Charlotte, NC 28203<br>lvennum@lawyercarolina.com<br>(704) 375-8488 | Bailey King<br>N.C. State Bar No. 34043<br>214 North Tryon Street, Suite 3700<br>Charlotte, NC 28202<br>(704) 338-6027<br>bking@bradley.com |
| *Attorney for Plaintiff(s):* | *Attorney for Defendant(s,* |